UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE,<br><br>       Plaintiff,<br><br>   vs.<br><br>TRENONE VALARIE, et al.,<br><br>       Defendants. | 1:13-cv-00157-GSA-PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 1-2.)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

### I. BACKGROUND

Hortense White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on November 26, 2012, at the United States District Court for the Eastern District of Pennsylvania, as case 12-6599. (Doc. 1.) On January 31, 2013, the court for the Eastern District of Pennsylvania consolidated case 12-6599 [White v. Valarie] with case 12-6885 [White v. Central California Women's Facility], and transferred the consolidated action to the United States District Court for the Eastern District of California. (Doc. 8.)

Plaintiff's Complaint, filed on November 26, 2012, is now before the Court for screening.[1] (Doc. 1-2.)

### II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] The Court finds only one complaint among the documents from the two consolidated actions.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at the California Institute for Women in Corona, California.  It appears that Plaintiff claims arose at the Central California Women's Facility in Chowchilla, California, when Plaintiff was incarcerated there.

Plaintiff's eight-page form complaint is rambling and incoherent, and fails to state any cognizable claims under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).  The Court cannot decipher Plaintiff's allegations or determine who the defendants are.  For example, a portion of Plaintiff's "Facts" follow:

> "Here in California is to explainatory (*sic*) whole thing readily as Jealous, 'Quotas.'  A deadlocked' (*sic*) and so also to making allerged (*sic*) of falsily (*sic*) imprisoned, Also confusion, with a Homie Hillbillie and wants to fall, of floor Hit, Having soon when I am released, of a framed up – insignatory Escola C, of 9-17-10, five extra years straight since (2002) now (9-2-14) formal to changing of as short term and of Bet, Twenty one month's, their dramas, in(*illegible*) having in sprayed in the yard of cold hoses, also scenario, To winner in prize, Grant also Granted should removal ..."

Cmp. at 3 ¶2.D.  The remainder of the complaint is similarly incoherent.

### IV.  RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's complaint fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's narrative does not clearly allege facts against any defendant. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim. Id. Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Therefore, the complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000). Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 677-78; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after November 26, 2011. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on November 26, 2011.

An amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on November 26, 2012, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:13-cv-00157-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **April 26, 2013**                        /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE