UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE,<br><br>            Plaintiff,<br><br>      vs.<br><br>TRENONE VALARIE, et al.,<br><br>            Defendants. | 1:13-cv-00157-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 32.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

    Hortense White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on November 26, 2012, at the United States District Court for the Eastern District of Pennsylvania, as case 12-6599.  (Doc. 1.)  On January 31, 2013, the court for the Eastern District of Pennsylvania consolidated case 12-6599 [White v. Valarie] with case 12-6885 [White v. Central California Women's Facility], and transferred the consolidated action to the United States District Court for the Eastern District of California.  (Doc. 8.)

    On April 26, 2013, the court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend.  (Doc. 31.)  On May 8, 2013, Plaintiff filed an amended complaint, which is now before the court for screening.  (Doc. 32.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Institute for Women in Corona, California. It appears that Plaintiff claims arose at the Central California Women's Facility in Chowchilla, California, when Plaintiff was incarcerated there.

Plaintiff's ten-page form Amended Complaint is rambling and incoherent, and fails to state any cognizable claims under federal law. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at

555. The Court cannot decipher Plaintiff's allegations or determine who the defendants are. For example, a portion of Plaintiff's "Facts" follow:

> "... types position and to get them by of to do what even made rigged gadgets, in hugee monies(s); miama of divines into using victorious insensible in hated, of waited until court had given a new date say and done, But long periodical time into what's going on in law cried, I of September 2 (illegible) 2014, forth discharge of certificate for unintelligence of (illegible) months and dropped as finished; completed?  Where of historic to having a prisoners record, and whats to two or twice in july for terrorism threat, for 2 yrs 9 mos then came back of eleven mo's later However charge in Great Bodily injury for appropriately 10 yrs and eighty five percent until I was to parole ..."

Amended Cmp. at 4.  The remainder of the Amended Complaint is similarly incoherent.

## IV. RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Wal-Mart Stores, 572 F.3d at 681 (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.

Plaintiff's complaint fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain a "statement of the claim showing that the pleader is entitled to relief." Plaintiff's narrative does not allege facts against any defendant.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff has not alleged with any degree of particularity overt acts which defendants engaged in that support any claim.  Therefore, the complaint should be dismissed for failure to state a claim.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any defendant.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any defendant

which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 10, 2013**                               **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE