UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE, | 1:13-cv-00157-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO VACATE JUDGMENT |
| vs. | (Doc. 64.) |
| TRENONE VALARIE, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Hortense White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on November 26, 2012, at the United States District Court for the Eastern District of Pennsylvania, as case 12-6599.  (Doc. 1.)  On January 31, 2013, the court for the Eastern District of Pennsylvania consolidated case 12-6599 [White v. Valarie] with case 12-6885 [White v. Central California Women's Facility], and transferred the consolidated action to the United States District Court for the Eastern District of California.  (Doc. 8.)

This case was dismissed on August 30, 2013, with prejudice, for failure to state a claim upon which relief may be granted under § 1983, and judgment was entered on August 30, 2013. (Docs. 53, 54.)  On November 18, 2013, Plaintiff filed a document titled "Thou; motion to vacate," which the court construes as a motion to vacate the judgment.  (Doc. 64.)

## II. MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff's motion consists of a rambling narrative in which she makes legal discussion with no connection to the order and judgment entered on August 30, 2013 in this case. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision, or shown any other grounds for the motion. Therefore, Plaintiff's motion must be denied.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to vacate the judgment, filed on November 18, 2013, is DENIED.

IT IS SO ORDERED.

Dated: November 21, 2013

SENIOR DISTRICT JUDGE